Shohl, P. J.
Albert F. Patten was employed by The Aluminum Castings Company in September, 1918. He was engaged in millwright work. In November the millwright crew started painting the inside walls and ceiling of the company’s plant *189 and was so engaged on January 11, 1919, when the scaffold on which he was working gave way and he fell and was injured. The scaffold was constructed with planks and four ladders. A plank was laid upon the rounds of two ladders, constituting the stringer, upon which other planks were laid leading to a similar stringer at the other end. The construction was admitted to be proper and the mishap was due to some defect not discovered by visual inspection.
Patten brought an action against The Aluminum Castings Company in the court of common pleas of Cuyahoga county, and recovered a judgment. The company prosecutes error to this court.
While the plaintiff in error contends that there was no evidence tending to show negligence on its part, an important issue of law was raised, the disposition of which renders unnecessary the consideration of the evidence in respect to negligence.
It stands admitted that the defendant had fully complied with the provisions of the Workmen’s Compensation Act. Under Section 1465-70, General Code, the company is not liable to respond in damages for injury to plaintiff except as provided in the act. The employer is not liable unless the plaintiff’s injury arises from the wilful.act of the defendant or its officers or agents, or from the failure of the employer, its officers or agents, to comply with a lawful requirement for the protection of the lives and safety of employes. Mere negligence will not support an action. See Section 1465-76, General Code.
There is no claim of wilful act on the part of the defendant, and Patten’s claim to relief is based *190 solely upon the contention that the defendant had failed to comply with a lawful requirement for the protection of the lives and safety of employes, in that it violated Section 12593, General Code.
Section 12593 is as follows:
“Whoever, employing or directing another to do or perform labor in erecting, repairing, altering or painting a house, building or other structure, knowingly or negligently furnishes, erects or causes to be furnished for erection for and in the performance of said labor unsuitable or improper scaffolding, hoists, stays, ladders or other mechanical contrivances which will not give proper protection to the life and limb of a person so employed or engaged, shall be fined not more than five hundred dollars or imprisoned not more than three months, or'both.”
To what extent then can it be said that the provisions of the section last quoted constitute a lawful requirement within the meaning of Section 1465-76, General Code ?
In the case of American Woodenware Mfg. Co. v. Schorling, 96 Ohio St., 305, an employe was injured by reason of a car of lumber falling on him. He brought suit alleging that his injuries were caused by’ the negligence of the defendant in failing to comply with the lawful requirement for the protection of employes set forth in Sections 15 and 16 of the industrial commission act (Sections 871-15 and 871-16, General Code).
Those sections are as follows:
Sec. 8.71-15. “Every employer shall furnish employment which shall be safe for the . employes *191 therein, and shall furnish a place of employment which shall be safe for the employes therein, and for frequenters thereof, and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes, follow and obey orders and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employes and frequenters.”
Sec. 871-16. “No employer shall require, permit or suffer any employe to go or be in any employment or place of employment which is not safe, and no such employer shall fail to furnish, provide and use safety devices and safeguards, or fail to obey and follow orders or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe, and no employer shall fail or neglect to do every other thing reasonably necessary to protect the life, health, safety and welfare of such employes.or frequenters; and no such employer or other person shall hereafter construct or occupy or maintain any place of employment that is not safe.”
The supreme court held that the term “lawful requirement” as used in the constitution and in Section 29 of the Workmen’s Compensation Act does not include a general course of conduct, or those general duties and obligations of care and caution which rest upon employers and employes, and all other members of the community, for the protection of life, health and safety. The failure to use care to furnish a safe place to work created no liability.
*192 The court in discussing the constitutional provision says at page 313:
“If the failure to comply 'with a lawful requirement’ includes an act which was actionable negligence simply because of the rules of common law, then the portion of the section which authorizes the 'taking away of any or all rights of action or defenses of employes and employers would be practically meaningless and inoperative. We should be holding that embodied in the same section was power to take away all rights of actions or defenses of employes and employers, and also a practical denial of power to take away any right of action.”
The decision of the supreme court establishes that when there is merely a general duty of care imposed on the employer by law, that is to say a general duty not to be negligent, such duty is not a “requirement” for the protection of lives and safety of employes within the meaning of Section 1465-76. But when either by statute or by ordinance, or by order of the Industrial Commission, an employer is required to adopt specific safety devices or safeguards, or to do a specified act, and the employer fails to comply with such statute, ordinance or order, then the employer has failed to comply with a “lawful requirement”, and is guilty of negligence per se, and is liable to the injured workman under Section 1465-76 for injuries caused thereby.
The duty with respect to furnishing a safe scaffold is analogous to the duty with regard to furnishing a safe place to work passed on in the Wooden-ware case. In neither case is a specific obligation to do a particular act laid on the employer. There *193 is only a general duty to use care. Indeed, in the case at bar there is no affirmative requirement whatsoever, but only a criminal penalty for failure to perform a common-law duty in respect to scaffolds. The section in question imposes no penalty where there is no evidence of the employer’s negligence. Noble v. C. Crane & Co., 160 Fed. Rep., 55.
The avowed purpose of the compensation laws is to do away with the litigation between employers and employes for injuries arising in the course of the employment. As the supreme court said in the Woodenware case at page 322:
“The employer would, in such case, be put upon his defense exactly as if the old common-law rule and the antiquated and unsatisfactory methods of dealing with accidents in industrial pursuits still prevailed, and as if no law had been passed and no effort made by the state to respond to the sentiment of the people, created by long and harsh experiences, thít a more humane and satisfactory system should be erected.”
The rule applied by the court of common pleas would make possible and probable the return to the old order so far as the building trades were concerned, with all of its concomitant evils. It would tend to deprive the employer of the substantial protection afforded by the compensation act, and would likewise tend to promote litigation of the type which the best modern economic thought has relegated to the discard. If the Workmen’s Compensation Act and the industrial system thereby created will not afford orotection to the employer, the In *194 dustrial Commission will not have accomplished its purpose in taking the place- of private insurance companies, which it has supplanted. In view of the often repeated admonition of the supreme court not to regard its unreported decisions as authoritative precedents, we do not deem ourselves bound -by the case of City of Cleveland v. McLanahan, in which case on January 21, 1919, the supreme court overruled a motion for order to the court of appeals of this county to certify its record.
We are of opinion that the facts shown, here do not make out a case of failure to comply with a lawful requirement within the meaning of the act, and that the plaintiff1 is barred by the compensation act from prosecuting this action.
In view of the foregoing it is not necessary to discuss the contentions of the parties as to whether there was negligence of the defendant, or contributory negligence and assumed risk on the part of the plaintiff.
The judgment will be reversed and judgment will be rendered in favor of the plaintiff in error.

Judgment reversed, and judgment for plaintiff in error.

Hamilton and Cushing, JJ., concur.
Judges of the First Appellate District, sitting in place of Judges Dunlap, Washburn and Vickery, of the Eighth Appellate District.